**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALVARO JOSE HERNANDEZ JARUFFE, | Civil No. 07-2253 (WJM) |
| Petitioner, |  |
| v. | **OPINION** |
| MICHAEL CHERTOFF, et al., |  |
| Respondents. |  |

**APPEARANCES:**

>   ALVARO JOSE HERNANDEZ JARUFFE, Petitioner pro se
>   Unit 2
>   8915 Montana Avenue
>   El Paso, Texas 79925

**MARTINI, District Judge**

This matter is before the Court on the petition of Alvaro Jose Hernandez Jaruffe for habeas corpus relief under 28 U.S.C. § 2241,[1] challenging his indefinite detention pending removal from the United States as unconstitutional. Petitioner states that he

---

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

is presently confined at a County Jail in Crawford, Florida. He was confined at the Florida jail at the time he submitted this petition for filing. For the reasons set forth below, the Court will transfer the petition to the appropriate federal district court because this Court lacks jurisdiction over the petition pursuant to 28 U.S.C. § 2241(a).

## I.  BACKGROUND

The following background facts are taken from the petition and attachments, and are accepted as true for purposes of this Opinion and accompanying Order.

Petitioner is a native and citizen of Columbia, and first entered the United States as a lawful permanent resident in 1987. In September 2004, Petitioner was ordered to be removed from the United States because he had been convicted of a crime which constituted a removable offense pursuant to the Immigration and Nationality Act ("INA"), §§ 237 or 212. Petitioner appealed the removal order, and the Board of Immigration Appeals ("BIA") denied the appeal on April 4, 2007. He also states that the United States Court of Appeals denied his petition for review on April 4, 2007. Petitioner alleges that he was taken into custody by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") on April 4, 2007, and has remained in custody during this time awaiting removal. He also states that he has cooperated with the ICE and complied with their demands in

providing the necessary information to effectuate his removal from the United States.  However, to date, Petitioner has not been removed to Columbia.

Petitioner filed this § 2241 habeas petition, on or about May 5, 2007, alleging that his indefinite detention in lieu of removal violates his constitutional and statutory rights.

## II.   JURISDICTIONAL REQUIREMENT

Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody.  A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment.  Preiser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973).

However, jurisdiction over a § 2241 habeas petition is limited to the district where the petitioner is being held in custody.  28 U.S.C. § 2241(a); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973)(personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); Ahrens v. Clark, 335 U.S. 188 (1948); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994)("[a] district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within

the boundaries of that district"); United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988); Valdivia v. Immigration and Naturalization Serv., 80 F. Supp. 2d 326, 332-333 (D.N.J. 2000). Here, Petitioner is admittedly confined at a County Jail in Crawford, Florida, and was confined there at the time he filed his petition. (Petition at ¶ 1). He currently remains confined in Florida.

Habeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed. See Ex parte Endo, 323 U.S. 283 (1944); Chavez-Rivas v. Olsen, 194 F. Supp.2d 368, 371 (D.N.J. 2002)(observing that "[b]oth the Supreme Court and the Third Circuit have held that the transfer of a habeas petitioner to another judicial district after the filing of a habeas corpus petition does not defeat the original District Court's jurisdiction to entertain the petition")(*citing* Ex Parte Endo, 323 U.S. at 304; Ex Parte Catanzaro, 138 F.2d 100, 101 (3d Cir. 1943), cert. denied, 321 U.S. 793 (1944)). Therefore, the District Court for the District of New Jersey lacks personal jurisdiction over this action because, at the time he filed this petition, Petitioner was confined at a County Jail in Crawford, Florida, and the proper custodian of the petitioner, the Warden of that County Jail resides in the Northern District of Florida.

4

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, transfer of the habeas action to the United States District Court for the Northern District of Florida would be in the interest of justice. See 28 U.S.C. § 1631 (if federal court lacks personal jurisdiction, it "shall transfer" action to court with jurisdiction if doing so is in "interest of justice"); Goldlawr v. Heiman, 369 U.S. 463 (1962); Cruz-Aguilera v. Immigration and Naturalization Serv., 245 F.3d 1070, 1074 (9th Cir. 2001); Valdivia, 80 F. Supp. 2d at 333; J. Liebman, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 10.2(c) (1998). Therefore, the Court will transfer Petitioner's § 2241 habeas petition to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1631.

### III.  CONCLUSION

For the reasons set forth above, the petition will be transferred because this District Court lacks jurisdiction over the matter. An appropriate order follows.

                                                s/William J. Martini

                                        WILLIAM J. MARTINI
                                        United States District Judge

Dated: May 22, 2007